IN THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF
GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

**OCT 0 3 2018**

JAMES N. HATTEN, Clerk
By: B P L         Deputy Clerk

CMS Law, PLLC

Plaintiff,

Vs.

DAVIS BROADCASTING OF
ATLANTA, LLC

Defendants,

(
(
(
(
(
(
(
(
(
(

**1:18-CV-4606**

## NOTICE OF REMOVAL PURSUANT TO 28 USC1441

Now Comes Davis Broadcasting of Atlanta, LLC, which does hereby certify that it was
served with the attached true and correct copy of a certain Summons and complaint,
incorporated by reference as EXHIBIT A by US mail on September 11, 2018.

Pursuant to 28USC 1332 and 28USC1441, Davis Broadcasting of Atlanta, LLC has the
right to removal based upon the following:

(a) Diversity,

(b) The amount in controversy; and

(c) Davis Broadcasting is doing business within the Venue of this Court.

ACCORDINGLY, Davis Broadcasting respectfully requests an Order of removal.

Dated this _2_ day of October, 2018.

Respectfully submitted this 2nd day of October, 2018.

Gregory A. Davis
President, Davis Broadcasting of Atlanta LLC
Pro Se

Davis Broadcasting of Atlanta, LLC
1176 Satellite Blvd.
Atlanta, GA 30024
Telephone: 770-623-8772 Office
Facsimile: 770-623-4722 Fax

# EXHIBIT A



## Notice of Service of Process

S1C / ALL
Transmittal Number: 18642862
Date Processed: 08/31/2018

| | |
|---|---|
| **Primary Contact:** | Greg Davis<br>Davis Broadcasting of Atlanta, LLC<br>PO Box 1998<br>Columbus, GA 31902-1998 |

| | |
|---|---|
| **Entity:** | Davis Broadcasting Of Atlanta, L.L.C.<br>Entity ID Number  2215606 |
| **Entity Served:** | Davis Broadcasting of Atlanta, LLC |
| **Title of Action:** | CMS Law, PLLC vs. Davis Broadcasting of Atlanta, LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Superior Court, District Of Columbia |
| **Case/Reference No:** | 2018 CA 004733 B |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 08/29/2018 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Michael J. Cicero<br>202-677-4702 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

# Superior Court of the District of Columbia

CIVIL DIVISION: CIVIL ACTIONS BRANCH

INFORMATION SHEET

**2018 CA 004733 B**

Date: July 3, 2018

DAVID Broadcasting of Atlanta

NATURE OF SUIT: (Check One Box Only)

# Information Sheet, Continued

Filed
D.C. Superior Court
07/05/2018 16:52PM
Clerk of the Court



Superior Court of the District of Columbia
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

CMS Law, PLLC
_____
Plaintiff

vs.                                        Case Number    2018 CA 004733 B

Davis Broadcasting of Atlanta, LLC
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Michael J. Cicero
_____
Name of Plaintiff's Attorney

CMS Law, PLLC
_____                By _____
Address

1000 Potomac St, NW STA 200
_____
Washington, DC 20007                            Date    07/05/2018

Telephone    202-877-4702
如需翻译, 請電洽 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오    የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

Clerk of the Court

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                    CASUM.doc

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

CMS LAW, PLLC;                                        )
1000 Potomac Street, NW, STE 200                     )
Washington, DC 20007,                                )
                                                     )
                        *Plaintiff*,                 )
                                                     )
v.                                                   )    No. 2018 CA 004733 B
                                                     )
DAVIS BROADCASTING of ATLANTA, LLC                   )
2202 Wynnton Road                                    )
Columbus, GA 31902                                   )
                                                     )
                        *Defendant*.                 )
_____        )

**COMPLAINT**

COMES NOW Plaintiff CMS Law, PLLC by and through its attorney, to allege as

follows:

**INTRODUCTION**

1.     Plaintiff CMS Law, PLLC ("CMS Law") brings this action to recover

unpaid legal fees and expenses from Defendant Davis Broadcasting of Atlanta, LLC

("Davis Broadcasting") in the amount of $140,501.37, pursuant to contractual agreement.

2.     Jurisdiction of this Court is founded on D.C. Code Annotated, 1973

edition, as amended, Secs.11-921 and 13-423(a). Plaintiff CMS Law is a law firm and

professional limited liability company registered in the District of Columbia. Defendant

Davis Broadcasting is a Delaware limited liability company with principal place of

business in Georgia that has contracted to engage for legal services in the District of

Columbia.

3.      Venue is proper in this Court because a substantial portion of the events

giving rise to this matter occurred in the District of Columbia and because the relevant

contract is governed by the law of the District of Columbia.

## FACTS

4.      In August 2012, representatives of Davis Broadcasting approached

attorney Michael Cicero and his law firm, Cicero, Mehta & Sprang, LLP (the predecessor

of Plaintiff CMS Law) seeking legal representation in a potential litigation matter

involving the alleged breach of a contract by a media company in the Washington, DC

area with which Davis Broadcasting had contracted for the purchase of several radio

stations and other media properties (the "Asset Exchange Agreement"). Davis

Broadcasting was seeking approximately $16 million in damages for the alleged breach.

5.      Davis Broadcasting informed Mr. Cicero that it was unable to finance a

full litigation and asked for an alternative fee arrangement. Mr. Cicero agreed to a hybrid

fee arrangement whereby his firm would cap its legal fees at $6,000 per month (exclusive

of expenses) in return for a portion of any recovery, provided that in the event the case

went to trial, such cap would not apply to the period of trial preparation and the trial

itself.

6.      On September 12, 2012, defendant Davis Broadcasting entered into an

Engagement Agreement for Legal Services (the "Engagement Agreement") with Mr.

Cicero and his firm. The Engagement Agreement is attached as Exhibit 1. By the time the

Engagement Agreement was executed, Davis Broadcasting had been sued in the

Delaware Court of Chancery by the contractual counterparty, which was seeking a

2

declaratory judgment that it was not in breach of the Asset Exchange Agreement (the "Litigation").

      7.     The Engagement Agreement provided that Davis Broadcasting would not be responsible for any legal fees in excess of $6,000 per month (exclusive of expenses) for the period "until the date that is 45-days prior to the scheduled opening day of trial."

      8.     The Engagement Agreement further provided that "[s]tarting with the date that is 45 days prior to the scheduled date of trial and continuing through the end of the representation (the 'Trial Period'), CMS shall bill, and you agree to pay, for legal fees at the ordinary CMS billing rates."

      9.     The litigation lasted nearly three years, from September 2012 to July 2015. The original case was successfully removed from the Delaware Court of Chancery to the Delaware Superior Court, where Davis Broadcasting asserted four counterclaims seeking $16 million in damages.

      10.    Between October 2012 and May 2015, the Litigation proceeded through discovery, removal to Superior Court, and dispositive motions, including the production of approximately 30,000 pages of documents; issuance of third-party subpoenas; thirteen depositions; preparation of two expert reports; court-ordered mediation; and successful defense of a motion for summary judgment. Per the Engagement Agreement, Plaintiff capped its legal fees at $6,000 per month during that period, including months during which uncapped billings would have exceeded $50,000.

      11.    Throughout the Litigation, Michael Cicero was the attorney primarily responsible for the representation.

12.     On June 30, 2014, the firm Cicero, Mehta & Sprang, LLP disbanded upon the departure of a partner who was not involved in the Litigation and Mr. Cicero continued to represent Davis Broadcasting in his new firm, CMS Law. Cicero, Mehta & Sprang, LLP assigned its rights under the Engagement Agreement to CMS Law.

13.     Davis Broadcasting was informed of the transition to CMS Law and agreed to be represented in the Litigation by CMS Law under the terms of the Engagement Agreement.

14.     During the period that legal fees were capped, between December 2012 and May 2015, uncapped billings for legal fees would have totaled $407,869.72. Pursuant to the Engagement Agreement, however, Davis Broadcasting was billed for only $181,620.56 during that period.

15.     The Delaware Superior Court set trial to begin July 13, 2015. Plaintiff informed Davis Broadcasting that under the Engagement Agreement, the $6,000 monthly cap on billings would expire 45 days prior, approximately May 29, 2015, and that Davis Broadcasting would be responsible for the fully billed, uncapped, legal fees from that point forward.

16.     The trial was conducted over seven days between July 13 and July 21, 2015. The trial included 515 trial exhibits, seven testifying fact witnesses and two testifying expert witnesses.

17.     Plaintiff's billings for June 2015, which are reflected in Invoice No. 1031 to Davis Broadcasting, were $77,894.52. Invoice No. 1031 was sent to Davis Broadcasting for payment on July 3, 2015. Invoice No. 1031 is attached hereto as Exhibit 2.

4

18.     Plaintiff's billings for July 2015, which are reflected in Invoice No. 1032 to Davis Broadcasting, were $79,465.07.  Invoice No. 1032 was sent to Davis Broadcasting for payment on August 3, 2015.  Invoice No. 1032 is attached hereto as Exhibit 3.

19.     In subsequent payments made after the trial, Davis Broadcasting paid CMS Law all past due amounts dating to the period prior to June 2015. Davis Broadcasting also made payments totaling $16,858.22 on Invoice No. 1031 for June 2015, reducing the amount outstanding on Invoice No. 1031 from $77,894.52 to $61,036.30. Davis Broadcasting made no payments on Invoice No. 1032, the unpaid balance of which remains $79,465.07.

20.     Davis Broadcasting owes Plaintiff $140,501.37 in unpaid fees and expenses from Invoices Nos. 1031 and 1032.

21.     Davis Broadcasting has not disputed the amounts billed but has indicated to Plaintiff that it will not pay the remaining amounts due.

22.     The Engagement Agreement states that "[i]n the event that CMS shall be required to institute legal action to recover undisputed fees and expenses," Davis Broadcasting "will be responsible for payment of all costs of such litigation, including, without limitation, court costs, discovery costs and attorneys' fees."

### First Count: Breach of Contract

23.     Plaintiff hereby restates the allegations of Paragraphs 1 - 22 and incorporates the same as if stated herein.

24.     By failing to pay the legal fees and expenses due to Plaintiff from Invoices No. 1031 and 1032, Defendant has breached the Engagement Agreement.

25.     Because of such breach, Plaintiff has incurred damages in the amount of $140,501.37.

### Second Count: Breach of Oral Contract

26.     Plaintiff hereby restates the allegations of Paragraphs 1 - 25 and incorporate the same as if stated herein.

27.     Plaintiff and Davis Broadcasting entered into an oral contract for Plaintiff to provide legal services to Davis Broadcasting pursuant to the terms that appear in the Engagement Agreement executed September 12, 2012.

28.     Plaintiff performed the oral contract according to its terms by providing such representation according to the terms of the Engagement Agreement.

29.     By failing to pay the legal fees and expenses due to Plaintiff, Defendant breached the oral contract.

30.     Because of such breach, Plaintiff has incurred damages in the amount of $140,501.37.

### Third Count: Quantum Meruit

31.     Plaintiff hereby restates the allegations of Paragraphs 1 - 30 and incorporates the same as if stated herein.

32.     Plaintiff performed services for Defendant in the nature of legal representation before and during a trial that began July 13, 2015 in the Superior Court of Delaware.

33.     Defendant was aware of the nature of such legal representation and accepted the benefit of such legal representation.

34.     Defendant has not paid Plaintiff for the services rendered in such representation.

35.     The fair value of the unpaid portion of such legal representation is $140,501.37.

36.     Defendant is liable to Plaintiff for the fair value of such legal representation in the amount of $140,501.37 under the doctrine of *quantum meruit*.

**WHEREFORE,** by virtue of the foregoing facts and actions, Plaintiff demand judgment in their favor and against Defendant and respectfully request:

A.      That the Court render judgment in favor of Plaintiff and against Defendant on each of the above Counts;

B.      That the Court award judgment for Plaintiff and against Defendant in the amount of $140,501.37 plus interest; and

C.      That the Court award Plaintiff costs and attorney fees associated with its attempt to recover amounts due, and any other relief as may be just.

Dated: July 2, 2018                          Respectfully submitted,

                                             __/s/   Michael J. Cicero_____
                                             Michael J. Cicero (DC Bar No. 428872)
                                             CMS Law, PLLC
                                             1000 Potomac Street, NW, Suite 200
                                             Washington, D.C. 20007
                                             Tel. 202-677-4702
                                             Fax 202-965-1729
                                             mcicero@cmslawdc.com

                                             *Attorney for CMS Law, PLLC*

7

## CICERO, MEHTA & SPRANG, LLP
1000 POTOMAC STREET, NW, 6TH FLOOR
WASHINGTON, DC 20007
www.cmslawdc.com

MICHAEL L. CICERO
DIRECT DIAL (202) 677-4702
mcicero@cmslawdc.com

TELEPHONE (202) 677-4700
FAX (202) 677-4719

September 12, 2012

Gregory A. Davis
Chief Executive Officer/President
Davis Broadcasting of Atlanta, LLC
2202 Wynnton Road
Columbus, GA 31902

Re:   Engagement Agreement for Legal Services

Dear Greg:

Thank you for engaging the firm of Cicero, Mehta & Sprang, LLP, and me, to represent Davis Broadcasting of Atlanta, LLC ("Davis Broadcasting") in connection with a dispute with Radio One, Inc. and its affiliates (the "Engagement"). This letter confirms the terms of the Engagement. The terms "you" and "your" refer to Davis Broadcasting.

1.   **Our Firm.**   Cicero, Mehta & Sprang, LLP ("CMS") is a District of Columbia limited liability partnership. Our mailing address is 1000 Potomac Street, NW, 6th Floor, Washington, DC 20007.

2.   **Effective Date of Agreement.**   This Agreement (the "Agreement") confirms a representation and attorney-client relationship with regard to the representation described in Paragraph 3 that became effective August 16, 2012.

3.   **Engagement of Counsel and Scope of Representation.**   Davis Broadcasting hereby retains and engages CMS to provide legal counsel and representation with regard to the following:  *To represent Davis Broadcasting in connection with litigation against Radio One, Inc. and/or its affiliates, Charlotte Broadcasting, LLC, Mableton Broadcasting Corporation and Radio One of North Carolina, LLC (collectively, the "Radio One Entities") (currently filed as Case No. 7793-VCG, Chancery Court of the State of Delaware, (the "Litigation") and to engage in negotiation of a settlement relating to the Litigation and/or the Asset Exchange Agreement executed August 31, 2011 by Davis Broadcasting and the Radio One Entities (the "Asset Exchange Agreement").*

4.   **Persons Providing Professional Services.**   I will be the attorney primarily responsible for the matters described in Paragraph 3. Other attorneys, law clerks, or paralegals from CMS may assist as needed.

Page 1 of 4.

MIC *MLC*

GAD

CICERO, MEHTA & SPRANG, LLP

5.  **Legal Fees.** We have agreed to a hybrid billing arrangement for the payment of legal fees, as follows:

(a) Davis Broadcasting shall pay CMS an initial retainer of $30,000 (the "Retainer") to be paid in two installments, with $15,000 to be paid September 15, 2012, and an additional $15,000 to be paid on or before October 31, 2012;

(b) After CMS has exhausted the Retainer, it shall bill Davis Broadcasting on a monthly basis, provided that Davis Broadcasting shall be responsible for paying no more than $6,000 per month in legal fees (exclusive of expenses), until the date that is 45 days prior to the scheduled opening day of trial. CMS shall not bill for work performed prior to August 29, 2012.

(c) Starting with the date that is 45 days prior to the scheduled date of trial and continuing through the end of the representation (the "Trial Period"), CMS shall bill, and you agree to pay, for legal fees at the ordinary CMS billing rates;

(d) In the event that Davis Broadcasting obtains a Recovery (as defined below), Davis Broadcasting shall pay CMS the following: (i) $400,000 if the Resolution Date (as defined below) is within 90 calendar days after September 11, 2012; (ii) $575,000 if the Resolution Date is between 91 and 180 days after September 11, 2012; (iii) $1,200,000 if the Resolution Date is between 181 and 360 days after September 11, 2012; (iv) $1,800,000 if the Resolution Date is more than 360 days after September 11, 2012. For purposes of this subsection (d), the "Resolution Date" shall be the earliest of: (1) the date on which all relevant parties have executed a binding agreement that provides for the Recovery, (2) the date on which Davis Broadcasting has obtained a final judgment in its favor against the Radio One Entities, or any of them, or (3) the date on which Davis Broadcasting obtains possession of the Recovery. The "Recovery" shall be any recovery (in the form of cash or other things of value) obtained by Davis Broadcasting from the Radio One Entities in resolution of the dispute between Davis Broadcasting and the Radio One Entities, or any of them, relating to the Litigation or the Asset Exchange Agreement, whether by judgment or settlement of the Litigation or otherwise. Payment to CMS under this subsection shall not be due prior to Davis Broadcasting obtaining possession of the Recovery. If payment is due to CMS under subsections (iii) or (iv) of this paragraph (d), such payment shall be reduced by any amounts that Davis Broadcasting has already paid CMS for billings incurred during the Trial Period under subsection (c) of this Paragraph 5. Davis Broadcasting shall be solely responsible for determining whether it will accept a recovery in settlement.

MJC
GAD



CICERO, MEHTA & SPRANG, LLP

6.  **Professional Fees.** My ordinary billing rate is $400 per hour. Should other CMS attorneys or legal staff perform services under this engagement, their ordinary billing rates are as follows:

Partner and Of Counsel rates          $300-$400 per hour

Associate rates                       $200-$300 per hour

Law clerk and paralegal rates         $75-$150 per hour

7.  **Expenses and Costs.** Davis Broadcasting agrees to pay all expenses associated with this representation, including filing and court fees, court reporter and transcript fees, expert witness fees (if any), travel costs, photocopying and duplication expenses for large projects, overnight and courier services, local counsel fees and expenses. Where feasible, all such expenses shall be authorized by you in advance of their being incurred. Such expenses will be billed directly to you, when possible, or otherwise included in an invoice from us to you.

8.  **Invoices.** We will submit invoices to you by email. You agree to pay the invoice within 30 calendar days of the date of the invoice.

9.  **Inquiries Regarding Fees and Expenses.** If at any time you have any questions, concerns or comments about any charge, about the services provided or about the status of any pending matter, we encourage you to contact us. You agree to notify us within 30 calendar days of the date of any invoice if you dispute the validity of any invoiced amount. You further agree that if you do not give notice of a dispute within such 30-day period, the invoiced amount shall constitute a valid, accepted obligation and shall be due and payable in accordance with its terms.

10. **Binding Dispute Arbitration.** Davis Broadcasting and CMS agree to submit any dispute regarding legal fees exclusively to the Fee Arbitration Service of the D.C. Bar Attorney Client Arbitration Board (the "ACAB") for final and binding arbitration.

11. **Retention and Return of Files.** Following the conclusion of the representation, we will keep confidential any non-public information you have supplied to us that we retain in accordance with applicable rules of professional conduct. At your request, we will return your papers and property to you promptly. We will retain our own files pertaining to the matter in accordance with CMS's records retention program. CMS may need eventually to dispose of such documents or other materials. We will make reasonable efforts to inform you prior to any such disposal.

12. **Enforcement.** In the event that CMS shall be required to institute legal action to recover undisputed fees and expenses, you will be responsible for payment of all costs of such litigation, including, without limitation, court costs, discovery costs and attorneys' fees.

CICERO, MEHTA & SPRANG, LLP

13. **Complete Integration, Binding On All Parties.** This Agreement contains the entire agreement between you and CMS regarding services provided and fees and expenses for those services. Either you or CMS may modify the Agreement only by written agreement signed by both parties. This Agreement shall be binding upon you and CMS and their respective successors, and assigns.

14. **Governing Law.** The laws of the District of Columbia will govern this Agreement and its interpretation, except for conflict of law rules the application of which would cause the laws of another jurisdiction to apply to this Agreement.

If these terms are acceptable, please sign the letter below and return one copy to me by email and by regular U.S. mail.

We look forward to continuing to work with you.

Very truly yours,

CICERO, MEHTA & SPRANG, LLP

By: _____

Michael J. Cicero, Partner

Accepted and Agreed:

Davis Broadcasting of Atlanta, LLC

By: _____          Date _____

Gregory A. Davis, Chief Executive Officer/President

MJC

GAD

**CMS Law PLLC**
1000 Potomac Street, NW
Suite 500
Washington, DC 20007
202-677-4702
Tax ID:

07-03-2015

**Gregory A. Davis**
Davis Broadcasting of Atlanta, LLC
2202 Wynnton Road
Columbus, GA 31902

**Invoice Number: 1031**
Invoice Period: 06-01-2015 - 06-30-2015

Payment Terms: Upon Receipt

**RE: Radio One v. Davis Broadcasting**

## Time Details

| Date | Staff Member | Description | Hours | Rate | Amount |
|------|------|------|------|------|------|
| 06-01-2015 | Michael Cicero | Preparing Pre-Trial Stipulation | 4.000 | 400.00 | 1,600.00 |
| 06-03-2015 | Michael Cicero | Preparing Pre-Trial Stipulation and drafting Jury Instructions | 3.500 | 400.00 | 1,400.00 |
| 06-04-2015 | Michael Cicero | Drafting Jury Instructions | 2.000 | 400.00 | 800.00 |
| 06-05-2015 | Michael Cicero | Preparing Pre-trial Stipulation and drafting Jury Instructions | 6.000 | 400.00 | 2,400.00 |
| 06-06-2015 | Michael Cicero | Call with client re Pre-Trial Stipulation and other issues; Preparing Pre-trial Stipulation and Jury Instructions | 8.200 | 400.00 | 3,280.00 |
| 06-07-2015 | Michael Cicero | Pre-Trial Stipulation and jury instructions/ Uncontested Facts | 8.100 | 400.00 | 3,240.00 |
| 06-08-2015 | Michael Cicero | Filing Pre-trial Stipulation; Preparing exhibits; Jury Instructions | 10.600 | 400.00 | 4,240.00 |
| 06-10-2015 | Michael Cicero | Calls with H Topel re Summary Judgment ruling; Review productions for exhibits | 3.800 | 400.00 | 1,520.00 |
| 06-11-2015 | Michael Cicero | Review Summary Judgment ruling; Call with H Topel; prepare trial exhibits | 5.100 | 400.00 | 2,040.00 |
| 06-12-2015 | Michael Cicero | Prepare trial exhibits; communication with experts re summary judgment ruling | 6.000 | 400.00 | 2,400.00 |
| 06-14-2015 | Michael Cicero | Prepare trial exhibits | 4.000 | 400.00 | 1,600.00 |
| 06-15-2015 | Michael Cicero | Prepare trial exhibits | 8.000 | 400.00 | 3,200.00 |
| 06-16-2015 | Michael Cicero | Review RO revised Pre-Trial Stipulation in light of Summary Judgment ruling; Revisions to PTS; Preparing trial exhibits | 10.000 | 400.00 | 4,000.00 |
| 06-17-2015 | Michael Cicero | Preparing revised Pre-Trial Stipulation in light of summary judgment ruling; Jury instructions; preparing trial exhibits | 9.800 | 400.00 | 3,920.00 |
| 06-18-2015 | Michael Cicero | Pre-trial Hearing with Judge Carpenter; Travel to-from Wilmington for hearing; Prep for hearing; follow-up to hearing | 8.200 | 400.00 | 3,280.00 |

| Date | Staff Member | Description | Hours | Rate | Amount |
|------|-------------|-------------|-------|------|--------|
| 06-19-2015 | Michael Cicero | Preparing Trial Exhibits; call with Maccini re supplemental expert analyses requested by judge at MIL hearing | 7.100 | 400.00 | 2,840.00 |
| 06-20-2015 | Michael Cicero | Preparing trial exhibits; call with Mark Jorgenson re possibility to travel to testify at trial | 5.500 | 400.00 | 2,200.00 |
| 06-21-2015 | Michael Cicero | Preparing trial exhibits | 6.200 | 400.00 | 2,480.00 |
| 06-22-2015 | Michael Cicero | Preparing trial exhibits; reviewing all productions for exhibits | 11.700 | 400.00 | 4,680.00 |
| 06-23-2015 | Michael Cicero | Preparing Trial exhibits; reviewing productions; preparing 30,000 pages of document productions for transmittal to Wilmington; Forwarding trial exhibits to RO counsel for Joint Exhibit Binders | 8.800 | 400.00 | 3,520.00 |
| 06-24-2015 | Michael Cicero | Drafting direct testimony; Trial exhibit issues | 8.500 | 400.00 | 3,400.00 |
| 06-25-2015 | Michael Cicero | Reviewing trial exhibits; matching exhibits with witnesses; drafting direct testimony | 8.500 | 400.00 | 3,400.00 |
| 06-26-2015 | Michael Cicero | Meeting with H Topel for review of exhibits and witness prep; drafting direct | 10.000 | 400.00 | 4,000.00 |
| 06-27-2015 | Michael Cicero | Reviewing Deposition testimony (3 depositions); marking for cross-examination | 5.000 | 400.00 | 2,000.00 |
| 06-28-2015 | Michael Cicero | Reviewing Depositions (3 depositions); marking for cross-examination | 5.200 | 400.00 | 2,080.00 |
| 06-29-2015 | Michael Cicero | Review M Jorgenson deposition; identify exhibits to be used with Jorgenson; draft direct testimony for Jorgenson; prep for trip to NC to meet with Jorgenson | 7.200 | 400.00 | 2,880.00 |
| 06-30-2015 | Michael Cicero | Travel to/from Tryon NC to meet and prep Mark Jorgenson; Review H Liberman amended expert report; Draft M Jorgenson direct testimony | 12.000 | 400.00 | 4,800.00 |
| | | | | **Total Fees:** | 77,200.00 |

## Time Summary

| Staff Member | Hours | Amount |
|--------------|-------|--------|
| Michael Cicero | 193.000 | 77,200.00 |
| | **Total Fees:** | 77,200.00 |

## Expenses

| Staff Member | Description | Amount |
|--------------|-------------|--------|
| Michael Cicero | Staples - Photocopy of exhibits and production; office folders to hold production | 418.25 |
| Michael Cicero | Tolls, parking and fuel for trip to Wilmington for Pre-Trial Conference | 67.00 |
| Michael Cicero | Staples - supplies for exhibits and productions | 64.41 |
| Michael Cicero | FedEx to send Trial Exhibits to Morris James | 36.00 |
| Michael Cicero | Car rental in Charlotte to prep M. Jorgenson | 66.86 |
| Michael Cicero | Airport parking and rental car gasoline | 42.00 |
| | **Total Expenses:** | 694.52 |

## Expense Summary

| Expense | Amount |
|---------|--------|
| None | 694.52 |
| **Total Expenses:** | 694.52 |
| **Total for this Invoice:** | 77,894.52 |
| **Total Balance Due from Client:** | 117,711.75 |

# Client Statement of Account

## RE: Radio One v. Davis Broadcasting

### Payments Applied Since Previous Invoice (06-02-2015 - 07-03-2015)

| Received | Type | Reference | Amount | Applied | To Invoice | Matter |
|---|---|---|---|---|---|---|
| 06-29-2015 | Payment | 1030 | 6,034.00 | 6,034.00 | 1030 | Radio One v. Davis Broadcasting |

### Balances As Of 07-03-2015

Open Invoices

| Date | Invoice | Amount | Paid | Balance |
|---|---|---|---|---|
| 08-04-2014 | Opening Balance | 25,159.38 | -5,300.00 | 19,859.38 |
| 09-04-2014 | 1004 | 1,771.27 | | 1,771.27 |
| 02-02-2015 | 1017 | 6,000.00 | | 6,000.00 |
| 02-27-2015 | 1018 | 6,128.00 | | 6,128.00 |
| 04-10-2015 | 1023 | 6,058.58 | | 6,058.58 |
| 07-03-2015 | 1031 | 77,894.52 | | 77,894.52 |
| | | | SubTotal: | 117,711.75 |

**Total Balance Due from Client**     **117,711.75**

**Gregory A. Davis**
Davis Broadcasting of Atlanta, LLC
2202 Wynnton Road
Columbus, GA 31902

07-03-2015

**CMS Law PLLC**
1000 Potomac Street, NW
Suite 500
Washington, DC 20007

**Invoice Number: 1031**
Invoice Period: 06-01-2015 - 06-30-2015

## REMITTANCE COPY

**RE: Radio One v. Davis Broadcasting**

| | |
|---:|---:|
| **Fees:** | 77,200.00 |
| **Expenses:** | 694.52 |
| **Total for this Invoice:** | 77,894.52 |
| **Total Balance Due from Client:** | 117,711.75 |

**CMS Law PLLC**
1000 Potomac Street, NW
Suite 500
Washington, DC 20007
202-677-4702
Tax ID:

08-03-2015

**Gregory A. Davis**
Davis Broadcasting of Atlanta, LLC
2202 Wynnton Road
Columbus, GA 31902

**Invoice Number: 1032**
Invoice Period: 07-01-2015 - 07-31-2015

Payment Terms: Upon Receipt

**RE: Radio One v. Davis Broadcasting**

## Time Details

| Date | Staff Member | Description | Hours | Rate | Amount |
|------|-------------|-------------|-------|------|--------|
| 07-01-2015 | Michael Cicero | Review Maccini and Pecaro expert reports; prepare possible exhibits for Maccini; review Maccini deposition for prep | 11.000 | 400.00 | 4,400.00 |
| 07-02-2015 | Michael Cicero | Fly to Providence, prep Maccini for testimony and cross examination; Call with T Hanson re objections to Davis exhibits and witness issues | 10.000 | 400.00 | 4,000.00 |
| 07-03-2015 | Michael Cicero | Trial preparation; prepare new Davis trial exhibits; review new exhibits from Radio One | 9.500 | 400.00 | 3,800.00 |
| 07-04-2015 | Michael Cicero | Trial preparation; Exhibits; Drafting direct testimony; organizing files and document productions for travel to Wilmington | 9.800 | 400.00 | 3,920.00 |
| 07-05-2015 | Michael Cicero | Move office, files, productions to Wilmington; Set up Wilmington trial office | 9.200 | 400.00 | 3,680.00 |
| 07-06-2015 | Michael Cicero | In Wilmington - Trial preparation; contact vendors - set up accounts; send trial exhibits out for duplication; review depositions for cross examination; draft direct testimony | 11.800 | 400.00 | 4,720.00 |
| 07-07-2015 | Michael Cicero | In Wilmington - Meet and do witness prep with Howard Topel; review all trial exhibits; identify by witness; review expert legal issues (waiver, FCC issues); Trial preparation | 12.100 | 400.00 | 4,840.00 |
| 07-08-2015 | Michael Cicero | In Wilmington - Trial preparation; further witness prep with Howard Topel; Drafting Direct testimony questions; Review trial exhibits; review depositions for cross examination | 10.900 | 400.00 | 4,360.00 |
| 07-09-2015 | Michael Cicero | In Wilmington - Trial preparation; witness prep for Greg Davis; Prepare direct and cross examination; review new exhibits from Radio One; Prepare new Davis exhibits | 12.300 | 400.00 | 4,920.00 |
| 07-10-2015 | Michael Cicero | In Wilmington - Trial preparation; meet and prep expert witness L Shubert; Go to courthouse to practice with audio-visual equipment; prepare | 10.500 | 400.00 | 4,200.00 |

| Date | Staff Member | Description | Hours | Rate | Amount |
|------|-------------|-------------|-------|------|--------|
| | | direct and cross examination of witnesses; Review trial exhibits | | | |
| 07-11-2015 | Michael Cicero | In Wilmington - Trial preparation; witness prep for H Topel and G Davis; Drafting opening statement; practice delivery of opening; prepare cross-examination for Radio One witnesses; Meeting with H Topel and G Davis re strategy | 8.200 | 400.00 | 3,280.00 |
| 07-12-2015 | Michael Cicero | In Wilmington - Trial preparation; Revising opening statement; Preparing cross-examination of witnesses; Reviewing exhibits for use with H Topel on direct; preparing list of critical exhibits for special binder for jurors; preparing demonstrative exhibit for use at trial | 10.100 | 400.00 | 4,040.00 |
| 07-13-2015 | Michael Cicero | Trial Day 1 - Jury selection; opening statements; direct testimony of H Topel; preparation for Day 2. | 11.000 | 400.00 | 4,400.00 |
| 07-14-2015 | Michael Cicero | Trial Day 2 - Direct and cross of Mark Jorgenson; Direct and cross of H Topel; Preparation for Day 3. | 10.800 | 400.00 | 4,320.00 |
| 07-15-2015 | Michael Cicero | Trial Day 3 - Direct and Cross of Greg Davis; Direct and Cross of expert Bob Maccini; Direct of Linda Vilardo | 12.500 | 400.00 | 5,000.00 |
| 07-16-2015 | Michael Cicero | Trial Day 4 -  Cross of Linda Vilardo; Direct and Cross of Alfred Liggins; Direct and Cross of Jeff Reynolds. Preparation for Day 5. | 11.000 | 400.00 | 4,400.00 |
| 07-17-2015 | Michael Cicero | Trial Day 5 - Direct and cross of Scott Knoblauch; Direct and cross of expert Tim Pecaro. Motions before judge.  Settlement discussions with Radio One counsel at end of trial day. | 7.100 | 400.00 | 2,840.00 |
| 07-18-2015 | Michael Cicero | Drafting Closing Argument; Settlement talks with T Hanson | 2.500 | 400.00 | 1,000.00 |
| 07-19-2015 | Michael Cicero | Drafting closing argument; Research on damages issues raised by Judge Carpenter | 5.200 | 400.00 | 2,080.00 |
| 07-20-2015 | Michael Cicero | Trial Day 6 - Closing arguments; Jury Instructions; Jury deliberations | 7.200 | 400.00 | 2,880.00 |
| 07-21-2015 | Michael Cicero | Trial Day 7 - Settlement discussions in a.m.; Verdict; Packing up office, exhibits, etc. for shipment back to Washington | 4.500 | 400.00 | 1,800.00 |
| | | | **Total Fees:** | | 78,880.00 |

## Time Summary

| Staff Member | Hours | Amount |
|-------------|-------|--------|
| Michael Cicero | 197.200 | 78,880.00 |
| | **Total Fees:** | 78,880.00 |

## Expenses

| Staff Member | Description | Amount |
|-------------|-------------|--------|
| Michael Cicero | Car rental in Providence to prep Maccini | 77.57 |
| Michael Cicero | Airport parking for trip to prep Maccini | 22.00 |
| Michael Cicero | Highway tolls from DC to Wilmington | 22.00 |
| Michael Cicero | Meal (w/ Sam Hirzel) | 35.00 |
| Michael Cicero | Meals (w Sam Hirzel) | 68.00 |
| Michael Cicero | Courthouse parking. | 66.00 |
| Michael Cicero | Sheraton Suites incidental expenses (meals) | 272.50 |
| Michael Cicero | Highway tolls from Wilmington to DC | 22.00 |

| Staff Member | Description | Amount |
|---|---|---|
| | Total Expenses: | 585.07 |

## Expense Summary

| Expense | | Amount |
|---|---|---|
| None | | 585.07 |
| | Total Expenses: | 585.07 |
| | Total for this Invoice: | 79,465.07 |
| | Total Balance Due from Client: | 197,176.82 |

We appreciate your business                                    Page   3   of   6

# Client Statement of Account

**RE: Radio One v. Davis Broadcasting**

**Balances As Of 08-03-2015**

Open Invoices

| Date | Invoice | Amount | Paid | Balance |
|------|---------|-------:|-----:|--------:|
| 08-04-2014 | Opening Balance | 25,159.38 | -5,300.00 | 19,859.38 |
| 09-04-2014 | 1004 | 1,771.27 | | 1,771.27 |
| 02-02-2015 | 1017 | 6,000.00 | | 6,000.00 |
| 02-27-2015 | 1018 | 6,128.00 | | 6,128.00 |
| 04-10-2015 | 1023 | 6,058.58 | | 6,058.58 |
| 07-03-2015 | 1031 | 77,894.52 | | 77,894.52 |
| 08-03-2015 | 1032 | 79,465.07 | | 79,465.07 |
| | | | SubTotal: | 197,176.82 |

**Total Balance Due from Client**                     197,176.82

**Gregory A. Davis**
Davis Broadcasting of Atlanta, LLC
2202 Wynnton Road
Columbus, GA 31902

08-03-2015

**CMS Law PLLC**
1000 Potomac Street, NW
Suite 500
Washington, DC 20007

**Invoice Number: 1032**
Invoice Period: 07-01-2015 - 07-31-2015

## REMITTANCE COPY

**RE: Radio One v. Davis Broadcasting**

| | |
|---|---:|
| **Fees:** | 78,880.00 |
| **Expenses:** | 585.07 |
| **Total for this Invoice:** | 79,465.07 |
| **Total Balance Due from Client:** | 197,176.82 |



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

CMS LAW, PLLC
Vs.                                         C.A. No.      2018 CA 004733 B
DAVIS BROADCASTING OF ATLANTA, LLC

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge NEAL E KRAVITZ
Date:  July 5, 2018
Initial Conference: 9:00 am, Friday, October 05, 2018
Location:  Courtroom 100
            500 Indiana Avenue N.W.
            WASHINGTON, DC 20001

CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation, D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   E.   Morin

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing NOTICE OF

REMOVAL PURSUANT TO 28 USC1441 was served upon the Clerk of the Superior

Court of the District of Columbia, Civil Division and Michael J. Cicero, CMS Law PLLC

for the Plaintiff by U.S. Mail as follows:

Superior Court of the District of Columbia, Civil Division
Clerk of Court
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001


Michael J. Cicero
CMS Law, PLLC
1000 Potomac St. NW STA 200
Washington, DC 20007


This 2nd day of October, 2018.


_____
Gregory A. Davis
President, Davis Broadcasting of Atlanta LLC
Pro Se


Davis Broadcasting of Atlanta, LLC
1176 Satellite Blvd.
Atlanta, GA 30024
Telephone: 770-623-8772 Office
Facsimile: 770-623-4722 Fax